IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARC GRANO, As Wrongful Death
Personal Representative of the Estate of
FRANCISCA MARMOLEJO, Deceased,

    Plaintiff,

  v.                                CIV. No. 1:17-cv-11

PINNACLE HEALTH FACILITIES XXXIII, LP
d/b/a SAGECREST NURAING AND
REHABILITATION CENTER,

    Defendant.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 (a) and 1446, Defendant Pinnacle Health Facilities XXXIII, L.P. removes to this Court the State Action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1441(a), and 1446.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Marc Grano, as Wrongful Death Personal Representative of the Estate of Francisca Marmolego ("Plaintiff"), and filed with the Clerk of the Fourth Judicial District of the State of New Mexico, County of San Miguel.

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.    On or about December 2, 2016, Plaintiff filed a Complaint for Nursing Home Negligence, Wrongful Death and Punitive Damages in the Fourth Judicial District Court of the State of New Mexico, County of San Miguel, No. D-412-CV-2016-00573.  A copy of the Complaint is attached hereto as Exhibit A.

2. The Complaint was served on Defendant Pinnacle Health Facilities XXXIII, L.P. through its Registered Agent on December 22, 2016.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) since it is filed within thirty (30) days after receipt by Defendant Pinnacle Health Facilities, L.P., of a copy of Plaintiff's Complaint.

4. Defendant Pinnacle Health Facilities XXXIII, L.P. has not yet responded to the Complaint. Defendant Pinnacle Health Facilities XXXIII, L.P. will respond to the Complaint within seven days of the filing of this Notice of Removal in accordance with Fed. R. Civ. Proc. 81(c).

**NO JOINDER NECESSARY**

5. As the Complaint names no defendants other than Defendant Pinnacle Health Facilities XXXIII, L.P., no consent to removal is necessary.

**JURISDICTION EXISTS UNDER 28 U.S.C. § 1332**

6. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), in that there is complete diversity between all parties and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

**All Parties are Diverse**

7. As alleged in the Complaint, Plaintiff is a citizen of the State of New Mexico.

8. Defendant Pinnacle Health Facilities XXXIII, L.P. is a Texas Limited Partnership. *See* Exh. B, Affidavit of Robert Riek, ¶ 2. Its principal place of business is located at 5420 W Plano Parkway, Plano, Texas 75093. *Id*.

9. The partners that comprise Defendant Pinnacle Health Facilities XXXIII, L.P. are:

  a. General Partner Pinnacle Health Facilities GP V, LLC: Pinnacle Health Facilities GP V, LLC is a Texas limited liability corporation organized pursuant to the laws of the State of Texas. Its principal place of business is located at 5420 W Plano Parkway, Plano, Texas 75093. *See* Exh. B, Affidavit of Robert Riek, ¶ 4.

  b. Limited Partner Thomas Scott: Mr. Scott is a resident and citizen of the State of Texas. *See* Exh. B, Affidavit of Robert Riek, ¶ 5.

10. The sole member of General Partner Pinnacle Health Facilities GP V, LLC is Thomas Scott. Mr. Scott is a resident and citizen of the State of Texas. *See* Exh. B, Affidavit of Robert Riek, ¶ 6.

11. Defendant Pinnacle Health Facilities XXXIII, L.P. is now, and was at the time the State Court Action was commenced, a citizen of Texas for diversity jurisdiction purposes. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

12. Therefore, there is complete diversity of citizenship between Plaintiff and Defendant.

## The Amount in Controversy Exceeds $75,000.00

13. The Complaint alleges, *inter alia*, that Francisca Marmolejo, a nursing home resident, died as a result of negligent care and treatment received in the nursing home. As Personal Representative of Ms. Marmolejo's estate, Plaintiff seeks both compensatory and punitive damages based on claims of wrongful death, negligence, and respondeat superior.

14. Without conceding any merit to the Complaint's damages allegations or causes of action, given the nature of the claims asserted, the amount in controversy exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a).

## CONCLUSION AND PRAYER

15. Defendant Pinnacle Health Facilities XXXIII, L.P. reserves the right to submit additional evidence in support of this Notice of Removal should Plaintiff move to remand.

16. By virtue of this Notice of Removal, Defendant Pinnacle Health Facilities XXXIII, L.P. does not waive its right to assert any claims, defenses or other motions permitted under the Federal Rules of Civil Procedure.

17. For the reasons stated above, Defendant Pinnacle Health Facilities XXXIII, L.P. respectfully requests that this Court take jurisdiction of this action to its conclusion and final judgment to the exclusion of any further proceedings in the State Action.

Respectfully submitted,

McCLAUGHERTY & SILVER, P.C.

By: **/s/ Tamara R. Safarik**
Tamara R. Safarik
Post Office Box 8680
Santa Fe, New Mexico  87504-8680
Telephone: 505/988-8804
*Attorney for Defendant Pinnacle Health
   Facilities XXXIII, L.P.*

## **CERTIFICATE OF SERVICE**

      We hereby certify that a true and correct copy of the foregoing was served by U.S. Mail to Counsel for Plaintiff, Laura Pazin Porter to Tom Rhodes Law Firm, P.C., 126 Villita Street, San Antonio, TX  78205 on this **6th** day of **January, 2017.**

                                        **"Electronically Filed"**
                                        **/s/ Tamara R. Safarik**