**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARC GRANO, as Wrongful Death
Personal Representative of the Estate of
FRANCISCA MARMOLEJO, Deceased,

      Plaintiff,

v.                                    Case. No. 1:17-CV-00011-JAP-LF

PINNACLE HEALTH FACILITIES XXXIII, LP
d/b/a SAGECREST NURSING AND
REHABILITATION CENTER, PREFERRED
CARE, INC., PREFERRED CARE PARTNERS
MANAGEMENT GROUP, LP, PCPMG, LLC, and
PINNACLE HEALTH FACILITIES GP V, LLC,

      Defendants.

**FIRST AMENDED COMPLAINT FOR NURSING HOME NEGLIGENCE,**
**WRONGFUL DEATH AND PUNITIVE DAMAGES**

COMES NOW Plaintiff MARC GRANO, as Wrongful Death Personal

Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, by and through

his attorneys, and for his Complaint against Defendant PINNACLE HEALTH

FACILITIES XXXIII, LP d/b/a SAGECREST NURSING AND REHABILITATION

CENTER, PREFERRED CARE, INC., PREFERRED CARE PARTNERS

MANAGEMENT GROUP, LP, PCPMG, LLC, and PINNACLE HEALTH FACILITIES

GP V, LLC, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     MARC GRANO has been appointed Personal Representative for the

Estate of FRANCISCA MARMOLEJO, Deceased, for purposes of prosecuting this

action under the New Mexico Wrongful Death Act. A copy of the Order appointing him is attached to the Original Complaint as Exhibit 1.

2.      MARC GRANO is a resident of San Miguel County and venue is appropriate in this Court.

3.      Defendant PINNACLE HEALTH FACILITIES XXXIII, LP d/b/a SAGECREST NURSING AND REHABILITATION CENTER is a foreign limited partnership conducting business in the State of New Mexico.  Defendant is doing business as the Owner/Operator of Sagecrest Nursing and Rehabilitation Center and has previously been served and appeared herein.

4.      Defendant PREFERRED CARE, INC. is a for-profit corporation engaged in business in the State of New Mexico and owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities at all times material to this lawsuit.  The causes of action that are the basis of this suit arise out of such business conducted by Preferred Care, Inc. in the ownership, operation, management, administration, supervision, and/or control of Sagecrest Nursing & Rehabilitation Center. Preferred Care, Inc. may be served with process through its registered agent, C T Corporation System, 206 S. Coronado Ave., Espanola, NM 87532-2792.

5.      Defendant PREFERRED CARE PARTNERS MANAGEMENT GROUP, LP, is a for-profit corporation engaged in business in the State of New Mexico and owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities at all times material to this lawsuit. The causes of action that are the basis of this suit arise out of such business conducted by Preferred

2

Care Partners Management Group, LP in the ownership, operation, management, administration, supervision, and/or control of Sagecrest Nursing & Rehabilitation Center. Preferred Care Partners Management Group, LP, may be served with process through its registered agent, <u>Gene Lunceford, 206 S. Coronado Ave., Espanola, NM 87532</u>.

6.      Defendant PCPMG, LLC is a Texas limited liability company and the general partner of Preferred Care Partners Management Group, LP, engaged in business of owning, operating, managing, administrating, supervising, and/or maintaining nursing home and/or skilled nursing facilities at all times material to this lawsuit. The causes of action that are the basis of this suit arise out of such business conducted by PCPMG, LLC in the ownership, operation, management, administration, supervision, and/or control of Sagecrest Nursing & Rehabilitation Center in Las Cruces, New Mexico.

7.      Defendant PINNACLE HEALTH FACILITIES GP V, LLC, is a Texas limited liability company, engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities at all times material to this lawsuit.  The causes of action that are the basis of this suit arise out of such business conducted by Pinnacle Health Facilities GP V, LLC, in the ownership, operation, management, administration, supervision, and/or control of Sagecrest Nursing & Rehabilitation Center in Las Cruces, New Mexico.

8.      This Court has personal jurisdiction over this cause because the Defendants conduct business within the State of New Mexico, and have sufficient contacts to warrant the exercise of jurisdiction in New Mexico, and Defendants' actions in New Mexico give rise to claims in this case.

9.      All conditions precedent to filing suit have occurred.

## FACTUAL ALLEGATIONS

10.     FRANCISCA MARMOLEJO was a resident of Defendant PINNACLE HEALTH FACILITIES XXXIII, LP d/b/a SAGECREST NURSING AND REHABILITATION CENTER. At all relevant times herein, SAGECREST NURSING AND REHABILITATION CENTER was a facility owned and/or operated by PINNACLE HEALTH FACILITIES XXXIII, LP, PREFERRED CARE, INC., PREFERRED CARE PARTNERS MANAGEMENT GROUP, LP, PCPMG, LLC, and PINNACLE HEALTH FACILITIES GP V LLC.   Whenever the terms "Sagecrest Nursing & Rehabilitation Center" or "Defendants" are utilized within this Complaint, such terms collectively refer to and include Defendants PINNACLE HEALTH FACILITIES XXXIII, LP d/b/a SAGECREST NURSING AND REHABILITATION CENTER, PREFERRED CARE, INC., PREFERRED CARE PARTNERS MANAGEMENT GROUP, LP, PCPMG, LLC, and PINNACLE HEALTH FACILITIES GP V, LLC.

11.     Whenever in this Complaint it is alleged that Defendants did any act or thing, or failed to do any act or thing, it is meant that the officers, agents, or employees of the designated corporations respectively performed, participated in or failed to perform such acts or things while in the course and scope of their employment or agency relationship with said Defendants.

12.     As a direct and proximate result of the negligent care and treatment of FRANCISCA MARMOLEJO at PINNACLE HEALTH FACILITIES XXXIII, LP d/b/a SAGECREST NURSING AND REHABILITATION CENTER, FRANCISCA MARMOLEJO died on June 4, 2014.

4

## JOINT VENTURE/ENTERPRISE

13.     Defendants were engaged in a joint venture/enterprise during FRANCISCA MARMOLEJO'S residency.

14.     Each Defendant had a shared community of interest in the object and purpose of the undertaking for which the nursing home and/or skilled nursing facility known as Sagecrest Nursing & Rehabilitation Center was being operated/used.

15.     Each Defendant had an equal right to share in the control of the administration, management and operation of the nursing home during FRANCISCA MARAMOLEJO'S residency regardless of whether such right was actually exercised.

16.     Defendants controlled the administration, operation, planning, management, and quality control of the nursing home facility.  The authority exercised by Defendants over the nursing home facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation and implementation of policy and procedure manuals used by the nursing home facility, Medicare and Medicaid reimbursement, quality care assessment and compliance, compliance with state and federal regulations and standard of care, licensure and certification, legal services and financial, tax and accounting control through fiscal policies established by the Defendants.

17.     These corporate Defendants operated as a joint venture/enterprise for the purpose of increasing profitability and furthering their similar business interests and collectively controlled Sagecrest Nursing & Rehabilitation Center.

18.     At all relevant times mentioned herein, the Defendants owned, operated, administered, and/or controlled either directly, or through the agency of each other and/or

other diverse agents, subsidiaries, servants, or employees in the operation of Sagecrest Nursing & Rehabilitation Center.

19.     Because the Defendants named herein and others were engaged in a joint venture/enterprise before and throughout FRANCISCA MARAMOLEJO'S residency, the acts and omissions of each participant in the joint venture/enterprise are imputable to all other participants.  The actions of the Defendants and each of its servants, agents and employees as set forth herein, are imputed to each of the Defendants, jointly and severally.

### COUNT I
### NEGLIGENCE, WRONGFUL DEATH AND PUNITIVE DAMAGES

20.     Plaintiff realleges the allegations contained in the previous paragraphs.

21.     During the course of FRANCISCA MARMOLEJO's residency at SAGECREST NURSING AND REHABILITATION CENTER, and while she was under the medical and/or nursing care and treatment of the agents, servants, representatives, and/or employees of the Defendants herein, said agents, servants, representatives and/or employees committed certain acts and/or omissions which constituted negligence in the care and treatment of FRANCISCA MARMOLEJO.

22.     At the time of her residency, Defendants owed a duty to provide care and services to FRANCISCA MARMOLEJO.

23.     Defendants owed a duty to provide care and services to FRANCISCA MARMOLEJO, including possessing and applying the knowledge and using the skills and care ordinarily used by reasonably well-qualified nursing facilities acting under similar circumstances.

24.     As a direct and proximate result of the negligent care and treatment by Defendants, their agents, servants, representatives and/or employees, FRANCISCA MARMOLEJO suffered injuries, including but not limited to falls, severe physical pain, suffering, mental anguish, hip fracture and death.

25.     The negligence of the Defendants, acting by and through their agents, servants, representatives, and/or employees, include, but are not limited to the following:

i.      failure to properly monitor, observe, and assess FRANCISCA MARMOLEJO;

ii.     failure to hire and train appropriate personnel to monitor, supervise, and/or treat FRANCISCA MARMOLEJO;

iii.    failure to provide sufficient numbers of staff to meet FRANCISCA MARMOLEJO's fundamental care needs;

iv.     failure to provide a safe living environment to FRANCISCA MARMOLEJO;

v.      failure to hire and train appropriate personnel to monitor, supervise, and/or maintain a safe living environment for FRANCISCA MARMOLEJO;

vi.     failure to recognize significant environmental factors which posed a fall risk to FRANCISCA MARMOLEJO, and to respond to the same;

vii.    failure to hire and train appropriate personnel to recognize, prevent and/or remedy situations which create an unreasonable risk of falling to FRANCISCA MARMOLEJO;

viii.   failure to properly and timely treat FRANCISCA MARMOLEJO; and

ix.     failure to timely recognize significant changes in the condition of FRANCISCA MARMOLEJO, and respond to the same.

26.     One or more of the aforementioned acts constitute negligence and was a cause of the injuries and death of FRANCISCA MARMOLEJO, and the damages suffered by Plaintiff herein.

27.     The actions of Defendants were malicious, willful, reckless and/or done with wanton disregard for FRANCISCA MARMOLEJO, giving rise to punitive damages against Defendants.

28.     As a direct and proximate result of Defendants wrongful acts or failures to act, Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, should recover compensation for the following:

    i.    conscious pain and suffering damages suffered by FRANCISCA MARMOLEJO prior to her death;

    ii.    loss of enjoyment of life;

    iii.    reasonable and necessary medical expenses incurred on behalf of FRANCISCA MARMOLEJO;

    iv.    funeral and burial expenses incurred on behalf of FRANCISCA MARMOLEJO;

    v.    punitive damages; and

    vi.    such further relief as this Court may deem appropriate.

29.     The death of FRANCISCA MARMOLEJO was caused by the wrongful act, neglect or default of another, and Plaintiff is entitled, pursuant to §41-2-1 NMSA 1978, to recover damages against Defendants, the sum to be distributed according to the New Mexico Wrongful Death Act.

## COUNT II
## RESPONDEAT SUPERIOR

30.     Plaintiff realleges the allegations contained in the previous paragraphs.

31.     Plaintiff believes and alleges that at all times material herein, Defendants acting by and through their agents, servants, representatives and/or employees,

committed negligent and/or reckless omissions in the care and treatment of FRANCISCA MARMOLEJO which caused injury, damages and death to FRANCISCA MARMOLEJO and therefore, Defendants are liable to Plaintiff under the doctrine of *respondeat superior* for the negligent and/or reckless acts and/or omissions of their agents, servants, representatives and/or employees.

32.    As a direct and proximate result of the negligent and/or reckless acts and/or omissions of Defendants, acting by and through their agents, servants, representatives and/or employees, FRANCISCA MARMOLEJO suffered injuries including but not limited to falls, severe physical pain, suffering, mental anguish, hip fracture and death.

33.     As a direct and proximate result of Defendants and their agents, servants, representatives and/or employees' wrongful acts and/or failures to act, Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, should recover compensation for the following:

i.    Conscious physical and mental pain and suffering, emotional distress, impairment and death;

ii.    Reasonable and necessary medical, hospital and funeral expenses; and

iii.    The aggravating circumstances attending the wrongful act, neglect or default.

WHEREFORE, Plaintiff prays for relief as follows:

i.    For a trial by jury;

ii.    That Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, recover a judgment for compensatory damages, including conscious pain and suffering and emotional distress suffered by FRANCISCA MARMOLEJO prior to her death;

  iii.  That Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, recover for the value of FRANCISCA MARMOLEJO's life apart from its earning capacity;

  iv.  That Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, recover reasonable and necessary medical and hospital expenses incurred on behalf of FRANCISCA MARMOLEJO;

  v.  That Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, recover funeral and burial expenses incurred on behalf of FRANCISCA MARMOLEJO;

  vi.  That Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, recover a judgment for the aggravating circumstances attending the wrongful act, neglect or default;

  vii.  That Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, recover a judgment for all compensatory damages allowable under New Mexico law;

  viii.  That Plaintiff MARC GRANO, as the Wrongful Death Personal Representative for the Estate of FRANCISCA MARMOLEJO, Deceased, recover pre-judgment and post-judgment interest as allowed by NMSA 1978, Section 56-8-4 (1993);

  ix.  That Plaintiff recovers punitive damages; and

  x.  That Plaintiff recovers such other and further relief to which he may be entitled under New Mexico law.

Respectfully submitted,

HUNT & MARSHALL

By:  /s/ *Lee R. Hunt*
Lee R. Hunt, Esq.
Stephen R. Marshall, Esq.
518 Old Santa Fe Trail, #501
Santa Fe, New Mexico 87505
P: (505) 954-4868
F: (505) 819-0022
lee@huntandmarshall.com
steve@huntandmarshall.com

And

Laura Pazin Porter, Esq.
TOM RHODES LAW FIRM, P.C.
126 Villita Street
San Antonio, Texas 78205
P: (210) 225-5251
F: (210) 225-6545
lporter@tomrhodeslaw.com

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd  day of April 2017, I filed the foregoing electronically through the CM/ECF System, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Lee R. Hunt*
Lee R. Hunt

11