IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARC GRANO, As Wrongful Death
Personal Representative of the Estate of
FRANCISCA MARMOLEJO, Deceased,

    Plaintiff,

v.                                                        1:17-cv-00011-JAP-LF

PINNACLE HEALTH FACILITIES XXXIII, LP,
d/b/a SAGECREST NURSING AND
REHABILITATION CENTER; PREFERRED
CARE, INC.; PREFERRED CARE PARTNERS
MANAGEMENT GROUP, LP; PCPMG, LLC;
PINNACLE HEALTH FACILITIES GP V, LLC,

    Defendants.

**ORDER**

THIS MATTER is before the court *sua sponte* for jurisdictional purposes. Plaintiff's amended complaint alleges claims against defendants Pinnacle Health Facilities XXXIII, LP; Preferred Care, Inc.; Preferred Care Partners Management Group, LP; PCPMG, LLC; and Pinnacle Health Facilities GP V, LLC. Doc. 23 at 2–3. The information provided in plaintiff's complaint is insufficient to confirm the diversity of citizenship necessary to establish jurisdiction under 28 U.S.C. § 1332(a).

"Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)) (other citations omitted); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (affirming the Tenth Circuit's holding that "the citizenship of any 'non-corporate artificial entity' is

determined by considering all of the entity's 'members'"). "[T]he relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs Hotel*, 781 F.3d at 1239.

Plaintiff also alleges that defendant Preferred Care, Inc., is a corporation engaged in business in the State of New Mexico, with a registered agent in Española, NM. Doc. 23 at 2. The amended complaint does not, however, identify Preferred Care's state of incorporation and the state of its principal place of business. *See Americold*, 136 S. Ct. at 1015 (a corporation is considered a citizen of its state of incorporation and a citizen of the state where it has its principal place of business).

Accordingly, within 21 days of the date of this order, the parties shall file a joint response stating the citizenship, as of the time that the underlying district court action was commenced, of all of the members of defendants Pinnacle Health Facilities XXXIII, LP; Preferred Care Partners Management Group, LP; PCPMG, LLC; and Pinnacle Health Facilities GP V, LLC, and the state of incorporation and principal place of business of Preferred Care, Inc. The parties must identify the domicile, not just the residence, of each individual member of the unincorporated associations. *See Siloam Springs*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."). Further, plaintiff Marc Grano must identify his domicile, not just his residence.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge